**UNITED STATES of America,**
Appellee,

v.

**Elvin Lee BYNUM, James Thomas Wescott, John C. Smith, Willie Mae Taylor, and William Gray, Appellants.**

**No. 9365.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1965.

Decided May 13, 1965.

Peter K. Babalas, Norfolk, Va. (Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., on brief), for appellant James Thomas Wescott.

Frederick T. Stant, Jr., Norfolk, Va. (Parsons, Stant & Parsons, Norfolk, Va., on brief), for appellants Elvin Lee Bynum and John C. Smith.

C. V. Spratley, Jr., U. S. Atty. (Plato Cacheris, First Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The five appellants were indicted for conspiracy to violate the federal narcotics laws. 26 U.S.C.A. § 7237. Our examination of the record discloses no basis for a jury finding of a single conspiracy as charged. There possibly were several distinct conspiracies, but these were not alleged. Nor did the indictment include counts for substantive offenses, which the evidence would clearly support.

The use of the conspiracy charge here, to the neglect of substantive charges, was in our opinion inappropriate. Difficult questions arise from the overuse of conspiracy indictments. Much of the evidence consisted of statements made by various defendants at different times and under different circumstances, which would not have been admissible against other defendants, except under the special rules prevailing in prosecutions for conspiracy. When statements made by some of the defendants out of the presence of their co-defendants are admitted serious problems are created for the co-defendants, the prosecutor and the judge. Such declarations are often admitted before the existence of the conspiracy has been duly proved by the testimony, but on the assumption that the conspiracy will later be proved independently. The practical effect is that the declarations tend to be used to prove the conspiracy which is required to be shown independently in order to make the declarations admissible. The independent proof is often absent, yet the jury cannot readily distinguish between the defendants who made and are bound by the statements and other defendants who are not bound thereby because not proven to be co-conspirators of the declarants. While district judges endeavor to avoid this result by instructing the jury, as the District Judge conscientiously endeavored to do in this case, it is rarely possible to be sure that the jury has been able to make proper discrimination in obedience to such instructions.

The difficulties in this case would have been avoided if each defendant had been indicted and tried for the violation or violations to which he was a party.

We reverse the judgment without prejudice to the Government's seeking indictments for substantive offenses.

Reversed.